## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK GIBSON,                            :        Civil No. 3:22-cv-1538
                                           :
        Plaintiff                 :        (Judge Mariani)
                                           :
  v.                                     :
                                           :
SUPERINTENDENT BERNADETTE                  :
MASON, *et al.*,                           :
                                           :
        Defendants               :

### MEMORANDUM

Plaintiff Derrick Gibson ("Gibson"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 22). Named as Defendants are several individuals employed by the DOC, Dr. Peter Baddick, Sheriff Brian Tobin, and unidentified John and Jane Doe individuals. Presently pending before the Court is Defendant Tobin's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 36). For the reasons set forth below, the Court will grant the motion and enter judgment in favor of Defendant Tobin.

I.    **Allegations of the Amended Complaint**[1]

Gibson alleges various instances of abuse between August 2020 and September 2022 while he was housed at the State Correctional Institution at Frackville ("SCI-Frackville") and the State Correctional Institution at Phoenix ("SCI-Phoenix").  (Doc. 22).

Gibson alleges that on August 19, 2022, the Commonwealth Defendants refused to release him to the Schuylkill County Sheriff for trial, but instead chose to temporarily transfer him to SCI-Frackville.  (*Id.* ¶ 78).  Lieutenant Leer and Correctional Officers John Doe 1-2 allegedly transported him to court.  (*Id.*).  Gibson alleges that he was subjected to an assault and unnecessary excessive force by Lieutenant Leer and Correctional Officers John Doe 1-2 in the Schuylkill County Courthouse bathroom while in restraints.  (*Id.*).  As a result, Gibson asserts that he suffered from head and chest pain, a concussion, and difficulty breathing.  (*Id.*).

Gibson alleges that Lieutenant Leer and Correctional Officers John Doe 1-2 then told John and Jane Doe—who were the Lehigh Valley Hospital Emergency Transport Staff in the Schuylkill County Courthouse parking lot—not to transport Gibson to the hospital but to take him back to the prison.  (*Id.* ¶ 79).  Gibson was placed in the DOC van for transport back to SCI-Frackville.  (*Id.*).

Gibson avers that while in the DOC van under escort by the Schuylkill County Sheriffs, he was transported to SCI-Frackville still suffering from his injuries when

---

[1]    The Court only includes the allegations relevant to Defendant Tobin.

Correctional Officers John Doe 1-2 pulled down his pants and underwear, exposing his buttocks, anus, and genitals. (*Id.* ¶ 80). He maintains that these acts were humiliating and degrading. (*Id.*).

Gibson alleges that Lieutenant Leer, Correctional Officers John Doe 1-2, the Schuylkill County Sheriff's Department, the Commonwealth of Pennsylvania, and John and Jane Doe from the Lehigh Valley Hospital failed to protect him by not intervening and failing to transport him to the Lehigh Valley Hospital. (*Id.*).

Gibson maintains that the Schuylkill County Sheriff's Department is liable based on its supervisory role. (*Id.* ¶ 104).

## II.    Rule 12(b) Motion

### A.    Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,…a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint: First, the court must take note of the
> elements a plaintiff must plead to state a claim. Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth. Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### B.    Discussion

In order to state an actionable civil rights claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423

U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations,

however, must be made with appropriate particularity in that a complaint must allege the

particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354;

*Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had

personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to

establish personal involvement. *Rode*, 845 F.2d at 1208.

A review of the amended complaint confirms that other than being named as a

Defendant, there are no factual averments relating to Defendant Tobin in the body of the

amended complaint. (*See* Doc. 22). Instead, Gibson lodges claims against the entire

"Schuylkill County Sheriff's Department." Gibson fails to identify the particular conduct of

Defendant Tobin that allegedly violated his rights. There are no allegations that Defendant

Tobin participated in, directed, or knew of and acquiesced in any constitutional violations.

This style of pleading is patently inadequate since it fails to allege facts that give rise to a

plausible claim for relief against Defendant Tobin. *See Hudson v. City of McKeesport*, 244

F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in

caption of case).

Additionally, any attempt by Gibson to hold Defendant Tobin liable for the actions of

his subordinates is essentially an assertion of respondeat superior liability which seeks to

hold him liable based on his supervisory role as Chief Deputy Sheriff. This ground of

6

constitutional liability has been squarely rejected by the courts. *See Rode*, 845 F.2d at 1207.

The Court finds that Gibson's complaint is bereft of any allegations identifying how Defendant Tobin was personally involved in the alleged constitutional deprivations. Accordingly, Defendant Tobin is entitled to dismissal.

## C.    Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Since Gibson's claims against Defendant Tobin are factually and legally flawed and he has previously been granted leave to amend, allowing further leave to amend would be both futile and inequitable. *See Grayson*, 293 F.3d at 108; *see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story…giving him further leave to amend would be futile.").

III.   **Rule 56 Motion**

    A.    **Legal Standard**

Through summary adjudication, the court may dispose of those claims that do not

present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality,

. . . [o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence

of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving

party must offer specific facts contradicting those averred by the movant to establish a

genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Therefore, the non-moving party may not oppose summary judgment simply on the basis of

the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S.

at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the

assertion by citing to particular parts of materials in the record . . . or showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an

adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P.

56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court

need consider only the cited materials, but it may consider other materials in the record."

FED. R. CIV. P. 56(c)(3).  "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).  If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

### B.    Statement of Undisputed Facts

Brian Tobin is currently employed as Chief Deputy of the Schuylkill County Sheriff's Department.  (Doc. 37 ¶ 1; Doc. 38, Declaration of Brian K. Tobin ("Tobin Decl.") ¶ 1).

Defendant Tobin maintains that he is not identified as being involved or participating in any of the events that occurred at the Schuylkill County Courthouse on August 19, 2022,

nor is any John Doe Defendant affiliated with the Sheriff's Office identified as being involved or participating in the events.  (Doc. 37 ¶ 2; Doc. 38, Tobin Decl. ¶¶ 3-4).

On August 19, 2022, Defendant Tobin was on vacation in Fenwick Island, Delaware. (Doc. 37 ¶¶ 3-5; Doc. 38, Tobin Decl. ¶ 5-6; *see also* Docs. 38-1 through 38-4).  He was not present at the Schuylkill County Courthouse on that date and was not involved in any of the events which allegedly occurred on August 19, 2022.  (*Id.*).

Gibson asserts that Defendant Tobin "is responsible for security and upholding the law at the Schuylkill County Courthouse and transportation of prisoners during court proceedings and trial, the operations of the Schuylkill County Sheriff Office, [and] conduct and training of staff."  (Doc. 49 ¶ 3).  He contends that Defendant Tobin "should have known [ ] prior to his August 12, 2022 vacation [of the] alleged events on August 19, 2022."  (*Id.* ¶ 4).

C.     **Discussion**

In moving for summary judgment, Defendant Tobin again argues that he was not personally involved in the alleged incident on August 19, 2022.  (Doc. 39, pp. 10-11).  As stated, to sustain a section 1983 claim, a plaintiff must demonstrate that defendants were personally involved in conduct giving rise to plaintiff's claims.  *See Evancho*, 423 F.3d at 353 (quoting *Rode*, 845 F.2d at 1207).  A plaintiff may prove that defendants were personally involved with purportedly unconstitutional conduct by demonstrating that the

defendants directed it, or had actual knowledge of the conduct and acquiesced in it.  *Id.* (quoting *Rode*, 845 F.2d at 1207).

Defendant Tobin was not on duty when the incident transpired.  (Doc. 37 ¶¶ 3-5; Doc. 38, Tobin Decl. ¶ 5-6; *see also* Docs. 38-1 through 38-4).  The undisputed evidence confirms that Defendant Tobin was on vacation in the state of Delaware on the date in question.  (*Id.*).  The record contains no indication that Defendant Tobin directed any Sheriff to participate in the alleged incident.  Gibson's federal constitutional claims against Chief Deputy Tobin fail for want of personal involvement.  The Court will enter summary judgment in favor of Chief Deputy Tobin on all claims.

## IV.    Conclusion

The Court will grant Defendant Tobin's motion to dismiss and for summary judgment.  (Doc. 36).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January  /21, 2024