IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK GIBSON, | Civil No. 3:22-cv-1538 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SUPERINTENDENT BERNADETTE MASON, *et al.*, | |
| Defendants | |

FILED SCRANTON JAN 24 2024 Per____ DEPUTY CLERK

## MEMORANDUM

Plaintiff Derrick Gibson ("Gibson"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 22). Presently pending before the Court is a motion (Doc. 42) to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the Corrections Defendants. For the reasons set forth below, the Court will grant Defendants' motion (Doc. 42) to dismiss without prejudice and afford Gibson the opportunity to file a second amended complaint.

I.  **Rule 12(b)(6) Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. Discussion

Defendants first seek dismissal of Gibson's amended complaint on the grounds that it fails to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. (Doc. 43, pp. 28-43). Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation...be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple defendants may be joined. Rule 18 states that a party "may join...as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one defendant, a plaintiff may assert every claim he has against that defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. *See* 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); *see also* FED. R. CIV. P. 18(a).

When a plaintiff seeks to assert claims against multiple defendants, however, Rule 20 also comes into play. *See* WRIGHT & MILLER, *supra*, § 1655. Rule 20 governs permissive joinder of parties and explains that a plaintiff may only join multiple defendants in a single case if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single complaint only if he asserts at least one claim linking all defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. *Id.*; WRIGHT & MILLER, *supra*, § 1655. That is, there must be at least one common claim against all named defendants. Once a plaintiff satisfies this requirement, he may invoke

4

Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if those additional claims are unrelated to the common claim linking all defendants. *See* FED. R. CIV. P. 18(a); WRIGHT & MILLER, *supra*, § 1655.

Gibson's amended complaint violates Federal Rules of Civil Procedure 8 and 20. It is not simple, concise, and direct as required by Rule 8(d)(1). The factual narrative spans several years. It includes separate incidents that allegedly occurred at SCI-Phoenix, SCI-Mahanoy, SCI-Frackville, the Schuylkill County Courthouse, the Lehigh Valley Hospital and the Reading Health Hospital. It purports to set forth violations of the First, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), and a § 1983 conspiracy claim. The allegations include due process violations arising out of a disciplinary hearing; Eighth Amendment claims of deliberate indifference, excessive force, failure to protect, failure to intervene, and conditions of confinement; First Amendment claims of retaliation and denial of access to the courts; violations of the ADA; a claim that all Defendants engaged in a conspiracy; and a claim that Gibson was the victim of forgery, fraud, and embezzlement.

The amended complaint also fails to comply with Rule 20. The claims against the various Defendants identify separate, unrelated transactions and occurrences that do not involve an issue of law or fact common to all Defendants. Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions.

Specifically, under the PLRA, the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

Based on the above, the Corrections Defendants' motion (Doc. 42) to dismiss will be granted. However, Gibson will be afforded the opportunity to amend his complaint.

### III.   Conclusion

The Court will grant the Corrections Defendants' motion (Doc. 42) to dismiss. The Court will also grant Gibson leave to amend his complaint. Any amended complaint must comply with both Rule 8 and Rule 20, as detailed above. The amended complaint must clearly state the basis for the claims lodged against each defendant. *See* FED. R. CIV. P. 8(a). If Gibson's amended complaint names more than one defendant, the pleading must identify at least one common cause of action against all of them. *See* FED. R. CIV. P. 20(a)(2). To the extent Gibson believes he has been subjected to a violation of his rights by a defendant unable to be joined in this case, Gibson must file separate complaints addressing the separate occurrences.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 24, 2024